SETH VELSEY, RESPONDENT, *v.* CHARLES M. VELSEY, APPELLANT.

*Practice — power of the County Court to fix a time for the trial of an action before a justice of the peace under section* 3064 *of the Code of Civil Procedure.*

On appeal to the County Court a judgment, rendered in the absence of the defendant before a justice of the peace, was set aside and a new trial ordered to be had on July 12, 1883. From this order the plaintiff appealed to the General Term, where it was affirmed, all proceedings being stayed pending the appeal. After the affirmance of the order by the General Term the County Court made an order fixing another date for the hearing before the justice. *Held,* that it had power so to do.

APPEAL from an order of the Albany County Court, fixing a date for the hearing of this action before a justice of the peace.

*G. B. Wellington,* for the appellant.

*William H. McCall,* for the respondent.

PARKER, J.:

This action was originally commenced before a justice of the peace in December, 1882. Subsequently, in the absence of defendant, a judgment was rendered against him. On appeal to the County Court the judgment was set aside, and a new trial before a justice ordered, July 12, 1883, being the day designated for the hearing. From this order an appeal was taken to the General Term, where it was affirmed. Pending the appeal all proceedings

before the justice were stayed. After affirmance the County Court made an order fixing another date for hearing before the justice. From that order the defendant appeals, and now contends that the court had no power to make such order. The position of the defendant is untenable. Section 3064 of the Code of Civil Procedure provides for the making of such an order as that of March 19, 1885. On appeal, this court determined that such order was properly granted. That order set aside the original judgment, directed that a new trial be had before a justice of the peace named, and designated time and place of hearing. The hearing could not be had on the date named in the order, because of the appeal and stay. After affirmance, the date originally named for the hearing having passed, it became necessary to fix another date for that purpose. It was in accordance with the power and the duty of the court to do so.

The power to set aside a judgment, direct a new trial, name the justice before whom the trial is to be had, and fix date and place of hearing carries with it, and as an incident to it, the right to do those things necessary to make the grant of power effectual. The authority to act in a given direction being conferred, the method of procedure is in accordance with the general rules of practice, and the court may so amend and modify its order as to give it effect. Now, when this section became law the defendant had the right of appeal, and pending such appeal the court could grant a stay, it follows that the construction contended for by the appellant would enable the defendant in such cases to prevent the execution of the order, by the taking of an appeal even when it resulted in an affirmance. Such a construction would be contrary to the uniform decisions of the courts upon the sections of the Code relating to practice. Beyond doubt the power of the court over its own order was not exhausted by the making of the first order. It had, and has, power by an order duly made to designate time and place of hearing as often as the defendant shall, by appeals, prevent the parties from appearing as provided by section 3065.

Order affirmed, with ten dollars costs and printing disbursements.

BOOKES, P. J., and LANDON, J., concurred.

Order affirmed.